Dow *v.* WHETTEN and others, 8 Wend. 160–174.

Not reported in S. Ct.

*Insurance ; Construction of Policy ; Usage.*

ACTION on a policy of insurance effected on *goods out, and proceeds thereof home.* The *identical goods* composing the outward cargo, were brought back on the return voyage and lost.

On the trial of the cause, the plaintiff offered evidence to show by parol proof that by the known usage of trade, or by use and practice, as between assurers and assured, the word "proceeds," inserted in a policy, is understood to include the *identical goods*, if brought back on the return voyage. The evidence was rejected, and on bill of exceptions, and motion for a new trial,

The Supreme Court held that the *identical goods* were not included in the words "*proceeds home*," and that parol evidence was inadmissible to prove the usage or practice. On writ of error,

The Court of Errors held, that though the words "*proceeds home*," did not cover the identical goods, yet it was competent for the assured to show, by parol proof, that by the *usage of trade*, or by *use and practice*, as between *assurers* and *assured*, they were understood to include them. The judgment was accordingly *reversed*, and a *venire de novo* awarded, and the costs of reversing the judgment were ordered to abide the event of the cause; the court doubting whether such usage could be proved.

Judgment <i>reversed</i>, 17 to 5.

☞ On the second trial of this cause, the plaintiff failed to establish the *usage*, and the defendants had a verdict in their favor.